IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**ASHLEY KAWCZYNSKI,**

    **Movant,**

v.                                    **Case No.: 2:23-cv-00387**
                                      **Case No.: 2:22-cr-00160**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Movant, Ashely Kawczynski, filed a *pro se* motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. (ECF No. 65).[1] Pending before the Court is a motion to dismiss contained in the United States' Response, (ECF No. 72), along with two motions by Kawczynski for appointment of counsel. (ECF Nos. 79, 83). This case is assigned to the Honorable Thomas E. Johnston, United States District Judge, and by standing order was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned respectfully **RECOMMENDS** that Respondent's motion to dismiss, (ECF No. 72), be **GRANTED**; Kawczynski's § 2255 motion, (ECF No. 65), be **DENIED**; Kawczynski's motions for appointment of counsel, (ECF Nos. 79, 83) be **DENIED**, as moot; and this matter be

---

[1] ECF Numbers come from the underlying criminal case in this District, Case No. 2:22-cr-00160.

1

**DISMISSED**, with prejudice, and removed from the docket of the court. Given that the undersigned conclusively **FINDS** that Kawczynski is not entitled to the relief requested, an evidentiary hearing is not warranted. *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970).

## I. Relevant History

Kawczynski is a federal prisoner currently incarcerated in Federal Correctional Institution Aliceville. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/. On October 24, 2022, Kawczynski pled guilty in this court to one count of attempting to distribute fifty grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). (ECF Nos. 55 at 1, 65 at 1). Kawczynski's instant § 2255 motion seeks to vacate the firearms conviction. (ECF No. 65).

In August 2022, Kawczynski was charged in a three-count indictment: conspiracy to distribute quantities of fentanyl, possession with intent to distribute a mixture and substance containing methamphetamine, and possession of a firearm in furtherance of drug trafficking. (ECF No. 19). Kawczynski pled guilty to the latter two charges, pursuant to a plea agreement. (ECF No. 41). Kawczynski's plea agreement incorporated a stipulation of facts, signed by Kawczynski, her attorney, and the Assistant United States Attorney (AUSA) assigned to her case. (ECF 41 at 12). As part of the stipulation of facts, Kawczynski agreed that she knowingly possessed approximately 328 grams of methamphetamine in a blue bag near the bed in her bedroom. (*Id.* at 11). She also agreed that she possessed two firearms in her bedroom—a Ruger LCP Max .380 caliber semi-automatic pistol, and a Springfield Hellcat 9mm semi-automatic pistol—which she kept for the purpose of protecting herself, the methamphetamine, and the money she made

from selling methamphetamine. (*Id.*). At her plea hearing, Kawczynski affirmed that she had read and reviewed each paragraph of the agreement with her counsel, and that her signature and initials appeared on each page. (ECF No. 72-1 at 5). Kawczynski stated she understood and agreed with all the terms and provisions of the agreement, and Kawczynski's trial counsel confirmed that he and Kawczynski had reviewed each paragraph of the agreement. (*Id.* at 6). Kawczynski acknowledged that she had read the Stipulation of Facts and that all facts contained therein were true. (*Id.* at 7).

At the plea hearing, the District Judge recited the elements of the firearms possession charge: that Kawczynski committed the crime of possession with intent to distribute methamphetamine, and that she possessed a firearm in furtherance of that charge. (*Id.* at 21–22). He further explained that possession with intent to distribute methamphetamine is a drug trafficking crime, that "possess" means "to exercise authority, dominion or control over something," and that a firearm is possessed in furtherance of a drug trafficking crime if the firearms possession further advanced or helped forward the drug trafficking crime. (*Id.* at 22). Kawczynski stated that she understood the elements of the crime. (*Id.*). After pleading guilty, Kawczynski confirmed that her attorney had adequately represented her and that her attorney had not "left anything undone which [she thought] should have been done." (*Id.* at 31). She also stated that neither she, nor her attorney, had found any defense to the charges to which she had pleaded guilty. (*Id.* at 31). Before accepting her guilty plea, the District Judge asked, "Are you, in fact, guilty of the crime charged in Count 3? In other words, did you do that?" and Kawczynski replied, "Yes." (*Id.* at 32). On February 27, 2023, the District Court entered Kawczynski's judgment of conviction, sentencing Kawczynski to 120 months' imprisonment — 60 months for each count, to be served consecutively. (ECF Nos. 55 at

2, 65 at 1).

Kawczynski filed a direct appeal with the United States Court of Appeals for the Fourth Circuit but voluntarily dismissed the appeal before it was decided. (ECF Nos. 58, 69). Kawczynski timely filed the instant § 2255 motion on May 10, 2023. (ECF No. 65 at 12). In her motion, Kawczynski challenges her conviction under 18 U.S.C. § 924(c), for possession of a firearm in furtherance of drug trafficking. She states that the firearms were not hers and that she "never used the guns at all." (*Id.* at 1). She asserts one ground for relief: that her trial counsel was ineffective for failing to argue that the guns did not belong to her. (*Id.* at 5). She asks this Court to vacate her conviction for the firearms charge. (*Id.* at 12).

On June 1, 2023, the undersigned entered an order directing Respondent to answer Kawczynski's § 2255 motion, (ECF No. 68), and Respondent filed a Response in Opposition to the motion on July 18, 2023. (ECF No. 72). Respondent notes that, both in her plea agreement and at the plea hearing, Kawczynski admitted that she possessed two firearms for the purpose of protecting herself, her drugs, and her drug money. (*Id.* at 6–7). Respondent argues, given Kawczynski's sworn statements indicating she possessed a firearm in furtherance of drug trafficking, her trial counsel could not have reasonably argued that Kawczynski was innocent of the crime to which she was voluntarily pleading guilty. (*Id.* at 7–8). Further, even if Kawczynski were correct that she neither owned nor used the firearms, this would not invalidate her conviction as possession of a firearm in furtherance of drug trafficking does not require that the defendant owned or used the firearm, only that she possessed it. (*Id.* at 8). Therefore, Kawczynski's trial counsel was not deficient for failing to raise a frivolous argument before the trial court. (*Id.*). Similarly, this alleged error did not prejudice Kawczynski's case—her allegations, if true, would not

make her innocent of the firearm possession charge. (*Id*. at 8—9). For those reasons, Respondent argues that Kawczynski's ineffective assistance claim is meritless and her § 2255 motion should be dismissed. (ECF No. 72 at 10). Respondent attached a copy of the transcript of Kawczynski's plea hearing. (ECF No. 71-1).

Kawczynski filed a reply memorandum, repeating her claim that her trial counsel failed to mention that the guns did not belong to her. (ECF No. 74). Kawczynski lists several cases concerning § 2255 motions and ineffective assistance of counsel, and she requests a reduction in her sentence, from 120 months to 80 months. (*Id*. at 2—3). Alternatively, if the Court cannot reduce her sentence, she requests she be made "eligible for F.S.A." and that her sentences be run concurrently, instead of consecutively. (*Id*. at 3). Kawczynski subsequently filed an additional reply memorandum, which is largely duplicative of the first one. (ECF No. 76). She also attached several certificates for various programs she has completed while in prison. (ECF No. 76-1).

## II. Standard of Review

A motion made pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction or sentence that was entered in a separate proceeding. To succeed on such a motion, the movant must prove that the conviction or sentence was imposed in violation of the laws or Constitution of the United States, the court imposing the sentence lacked jurisdiction, the sentence exceeded the maximum authorized by law, or the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255. "In a § 2255 motion, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence." *Merritt v. United States*, 499 F. Supp. 3d 249, 254 (E.D. Va. 2020) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)).

Pursuant to the Rules Governing Section 2255 Proceedings for the United States

District Courts ("Rules"), the court should conduct a preliminary review of the motion. *See* Rule 4. The court may then order the respondent to answer the motion and may authorize the parties to conduct discovery and direct the parties to expand the record as necessary to properly assess the validity of the motion. *See* Rules 5, 6, & 7. Once these steps are completed, the court must review the answer, transcripts, records of prior proceedings, and any other materials submitted to determine whether an evidentiary hearing on the motion is warranted. *See* Rule 8(a).

The decision of whether to conduct an evidentiary hearing is generally left to the sound discretion of the district court, although there remains "a category of petitions, usually involving credibility, that will require an evidentiary hearing in open court." *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970); *see also United States v. Hall*, 771 F. App'x 226, 227 (4th Cir. 2019); *United States v. Runyon*, 994 F.3d 192, 208 (4th Cir. 2021); *United States v. Velascu*, 429 F. App'x. 236, 237 (4th Cir. 2011). This is particularly true when "competing sworn statements offer differing factual allegations that 'relate primarily to purported occurrences outside of the courtroom and upon which the record could, therefore, cast no real light.'" *United States v. Underwood*, No. 20-6782, 2022 WL 186054, at *1, n.2 (4th Cir., Jan. 20, 2022) (quoting *United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004)). Nonetheless, the mere presence of conflicting affidavits does not automatically require an evidentiary hearing. When the motions, files, and records in the case conclusively show that the movant is not entitled to relief, the Court may deny the § 2255 motion without an evidentiary hearing. *Raines*, 423 F.2d at 529. Furthermore, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013).

6

### III. <u>Discussion</u>

Kawczynski argues that her conviction for possession of a firearm in furtherance of a drug trafficking crime should be vacated, because her trial counsel rendered constitutionally ineffective assistance by failing to argue to the trial court that Kawczynski did not own or use the firearms. The Sixth Amendment to the United States Constitution guarantees every criminal defendant "the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 680 (1984). Where a defendant alleges ineffective assistance of counsel as a ground for relief, the defendant must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Id.* at 686. Under *Strickland*, the test for ineffective assistance of counsel has two prongs: a criminal defendant must show that his counsel's performance was deficient, and that this deficiency prejudiced his defense. *Id.* at 687. The burden rests on the defendant to satisfy both prongs, and "a failure of proof on either prong ends the matter." *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 1994).

To establish deficiency, the defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88. When evaluating counsel's performance under the first prong of *Strickland*, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. Thus, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance … [and] that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks omitted). The inquiry under *Strickland* is "whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated

7

from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 105 (2011).

To establish prejudice, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the counsel guaranteed … by the Sixth Amendment." *Id.* at 104 (quoting *Strickland*, 466 U.S. at 687). "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Further, the defendant must show that the result of the proceeding was fundamentally unfair or unreliable. *Sexton v. French*, 163 F.3d 874, 882 (4th Cir. 1998) (citing *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

When a criminal defendant has entered a guilty plea, the analysis on collateral review focuses heavily on the Rule 11 colloquy, because by entering a guilty plea, the defendant "has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Therefore, a guilty plea "represents a break in the chain of events which has preceded it in the criminal process." *Id.* Statements made during a hearing to accept a guilty plea are afforded a strong presumption of veracity and subsequent attacks that contradict these statements may generally be dismissed as frivolous. *U.S. v. Lemaster*, 403 F.3d 216, 221-222 (4th Cir. 2005). As the Fourth Circuit explained:

> [A] defendant's solemn declarations in open court … carry a strong presumption of verity … because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. … Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations

8

that contradict the sworn statements.

*Id.* Consequently, a criminal defendant is precluded from raising alleged constitutional deprivations that occurred prior to pleading guilty and "may only attack the voluntary and intelligent character of the guilty plea" by demonstrating that his counsel's performance was inadequate under the Sixth Amendment. *Tollett*, 411 U.S. at 267; *see also Fields v. Attorney General of State of Md.*, 956 F.2d 1290, 1296 (4th Cir. 1992) ("A guilty plea does not bar collateral review of allegations of ineffective assistance of counsel in so far as the alleged ineffectiveness bears on the voluntariness of the guilty plea.").

In her § 2255 motion, the only error Kawczynski assigns to her trial counsel was his failure to argue that Kawczynski did not own the guns and that she never used the guns. (ECF No. 65 at 5, 6). To the extent this challenge implicates the voluntariness of her plea, it fails on the merits, because Kawczynski cannot prove this alleged error amounted to ineffective assistance of counsel. Assuming that Kawczynski is correct that she neither owned nor used the firearms, those facts do not contradict her plea agreement and would not invalidate her conviction, because 18 U.S.C. § 924(c) prohibits mere possession.

As Respondent states, one can possess a firearm without owning it, and one can possess a firearm for a specific purpose without "using" it. (ECF No. 72 at 8). A conviction under 18 U.S.C. § 924(c) does not require proof that the defendant owned or used the firearm. *See Watson v. United States,* 552 U.S. 74, 76 (2007) (explaining that § 924(c) previously prohibited the "use" of a firearm in furtherance of drug trafficking, which required proof that the firearm was actively employed, but that the statute was later amended to prohibit mere possession in furtherance of drug trafficking); *United States v. Kitchell*, No. CR 16-122-1, 2020 WL 3868962, at *6 (E.D. Pa., July 9, 2020) ("[U]nder section 924(c), a defendant can still possess a firearm that he does not actually own.").

9

"[I]t is enough for § 924(c)(1) purposes if the firearm was present for protection or to embolden the actor." *United States v. Lipford*, 203 F.3d 259, 266 (4th Cir. 2000). Therefore, Kawczynski's present assertions—that she did not "use" the guns, and they did not belong to her—would not make her innocent of the crime of possession of a firearm in furtherance of drug trafficking. It was neither unreasonable nor prejudicial for Kawczynski's trial attorney to omit facts which would have been irrelevant to her guilt. *See Moore v. United States*, 934 F. Supp. 724, 731 (E.D. Va. 1996) ("Failure to raise a meritless argument can never amount to ineffective assistance."). Therefore, the undersigned FINDS that the failure of Kawczynski's attorney to argue that she did not own or use the guns did not amount to ineffective assistance of counsel, and Kawczynski's challenge to her conviction must fail. As her requests to reduce or modify her sentence or to be made "eligible for F.S.A." are based on the same ineffective assistance of counsel claim, (*see* ECF No. 74 at 3), those requests may also be dismissed.[2]

In her reply memorandum, Kawczynski states that her attorney failed to fully explain the plea deal she was given. (ECF No. 74 at 1). This claim could be disregarded on the basis that it was raised for the first time in reply to Respondent's motion to dismiss. *See Huskey v. Ethicon, Inc.*, 29 F. Supp. 3d 736, 745 n.4 (S.D.W. Va. 2014) ("[A]n argument raised for the first time in a reply brief or memorandum will not be considered."). Kawczynski also fails to provide any detail to support her claim, as she does not specify what portions of the plea agreement her attorney failed to explain. *See Jones*

---

[2] It is worth noting, Kawczynski's sentence of 120 months is the minimum sentence for her convictions, as each of the two convictions carries a mandatory minimum sentence of five years (60 months), 21 U.S.C. § 841 (b)(1)(B)(viii); 18 U.S.C. § 924(c)(1)(A), and the sentence for the § 924(c) conviction cannot be run concurrently with any other sentence. 18 U.S.C. § 924(c)(1)(D)(ii). To reduce her sentence, Kawcynski would need to file a motion for sentence reduction, under 18 U.S.C. § 3582(c). Additionally, Kawczynski is statutorily ineligible to earn time credits under the First Step Act ("FSA), due to her § 924(c) conviction. 18 U.S.C. § 3632(d)(4)(D)(xxii).

*v. United States*, No. 5:17-CR-57-KDB-DCK-1, 2021 WL 2321673, at *5 (W.D.N.C., June 7, 2021) ("Petitioner's present contention that counsel did not adequately explain the plea is too vague and conclusory to support relief."). Further, this claim is directly contradicted by her sworn testimony at her plea hearing, wherein she stated that she had reviewed all terms of the agreement with her attorney and that she understood them. (ECF No. 72-1 at 5, 6, 17). Thus, the undersigned **FINDS** that Kawczynski's claim that her attorney failed to fully explain the plea deal is without merit and should be denied.

### IV. Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding District Judge accept and adopt the findings proposed herein and **RECOMMENDS** that Respondent's motion to dismiss, (ECF No. 72), be **GRANTED**; Kawczynski's § 2255 motion, (ECF No. 65), be **DENIED**; Kawczynski's motions for appointment of counsel, (ECF Nos. 79, 83) be **DENIED**, as moot; and this matter be **DISMISSED**, with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Johnston, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Movant and counsel of record.

**FILED**: May 20, 2024

Cheryl A. Eifert
United States Magistrate Judge