IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ASHLEY KAWCZYNSKI,

           Petitioner,

v.                       CIVIL ACTION NO.    2:23-cv-00387
                        CRIMINAL ACTION NO.  2:22-cr-00160

UNITED STATES OF AMERICA,

           Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioner Ashley Kawczynski's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255, (ECF No. 65); a motion to dismiss contained in Respondent United States of America's ("Respondent") Response to Petitioner's § 2255 motion, (ECF No. 72); and two motions by Petitioner for appointment of counsel, (ECF Nos. 79, 83). By Standing Order entered on May 16, 2023, (ECF No. 66), this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of proposed findings and a recommendation for disposition ("PF&R"). Magistrate Judge Eifert filed her PF&R on May 20, 2024, recommending that this Court grant Respondent's motion to dismiss, (ECF No. 72); deny Petitioner's § 2255 motion, (ECF No. 65); deny Petitioner's motions for appointment of counsel, (ECF Nos. 79, 83); and dismiss this action with prejudice. (ECF No. 87.)

This Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation

1

to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R in this case were due by June 6, 2024. (ECF No. 87.) To date, no objections have been filed. Accordingly, the Court **ADOPTS** the PF&R, (ECF No. 87), and **GRANTS** Respondent's motion to dismiss, (ECF No. 72); **DENIES** Petitioner's § 2255 motion, (ECF No. 65); **DENIES** Petitioner's motions for appointment of counsel, (ECF Nos. 79, 83); and **DISMISSES** this action **WITH PREJUDICE**. The Court further **DIRECTS** the Clerk to remove this matter from the Court's docket.

The Court has also considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will be granted only if there is "a substantial showing of the denial of a constitutional right." § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court are debatable or wrong and that any dispositive procedural ruling is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001). Because Petitioner has not made a substantial showing of the denial of a constitutional right in the § 2255 Motion, the Court **DENIES** a certificate of appealability. Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, Petitioner may not appeal the Court's denial of a certificate of appealability, but she may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:       September 23, 2024

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE